UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO REYES,

      Petitioner,

v.

FLORIDA SOFT SIDE SOUTH
(ALLIGATOR ALCATRAZ),
WARDEN,

      Respondent.

Case No. 2:26-cv-368-KCD-DNF

## ORDER

Petitioner Lazaro Reyes has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment. Respondents oppose the petition. (Doc. 10.) For the reasons below, the petition is **DENIED**.

### I. Background

Reyes is a native of Cuba who entered the United States in 2007. (Doc. 10-1 at 1.) He was later convicted of money laundering and sentenced to prison. (*Id.* at 2.) Removal proceedings were started, and in 2024, an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

immigration judge ordered him removed to Cuba. (Doc. 10-3.) When that removal did not come to fruition, Reyes was placed on an order of supervision.

On December 6, 2025, Reyes attended a routine ICE check-in, was detained, and his supervision was revoked. (Doc. 10-1 at 2; Doc. 10-4 at 1.) This petition for writ of habeas corpus followed. (Doc. 1.) ICE claims it intends to remove him to Mexico. (Doc. 10-5.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The analysis begins with a jurisdictional challenge. Respondents halfheartedly argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to even hear Reyes's plea because it arises from the "execution" of a removal order. (Doc. 10 at 3.) We need not spend long here. The Supreme Court has

2

repeatedly cautioned that § 1252(g) is narrowly tailored to three discrete actions, and it does not operate as a blanket ban on habeas review for prolonged detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018). Indeed, if the Government's sweeping interpretation were correct, *Zadvydas v. Davis* —the seminal case where the Supreme Court held it could consider a habeas challenge to unlawful, prolonged immigration detention—would have been stopped in its tracks before ever reaching the merits. The Court is satisfied it has jurisdiction to decide whether Reyes's detention is lawful, as interpreted by *Zadvydas v. Davis*, 533 U.S. 688 (2001) (citing § 1252(g) yet concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

Respondents also argue that 8 U.S.C. § 1252(b)(9) bars judicial review. (Doc. 10 at 3.) Not so. The Eleventh Circuit has held that § 1252(b)(9) "only affects cases that involve[] review of an order of removal." *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020). Reyes is not challenging his removal proceedings—he is challenging the antecedent detention. So "the Government's reliance on § 1252(b)(9) is misplaced." *Fernandez-Garcia v. U.S. Att'y Gen.*, No. 1-20-CV-23599-UU, 2021 WL 8821923, at *5 (S.D. Fla. Apr. 15, 2021).

That leaves the merits. Here, Reyes invokes the Fifth Amendment to argue that his detention has "exceeded reasonable limits." (Doc. 1 at 7.)

A bit of statutory plumbing helps set the stage. When a removal order becomes final, the INA starts a 90-day clock. 8 U.S.C. § 1231(a). During that window, the government must keep the noncitizen detained. *Id.* § 1231(a)(2). If that initial period expires without a successful removal, the government has a choice: it may release the individual on supervision or keep them locked up. *Id.* § 1231(a)(6). Read literally, the statute places no outer limit on that continued confinement. But holding someone indefinitely is a constitutional non-starter. So the Supreme Court read a practical limitation into the text. The government, the Court held, may only detain a noncitizen for a period "reasonably necessary" to actually bring about their removal. *Zadvydas*, 533 U.S. at 701. And to give lower courts a workable yardstick, the Court drew a line at six months: any post-removal detention lasting six months or less is "presumptively reasonable." *Id.*

"In order to state a claim under *Zadvydas*," then, "the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Apply that framework here, and Reyes's claim immediately runs into a math problem: he simply has not been detained long enough. To trigger a *Zadvydas* inquiry, a noncitizen must be confined for more than six months. Reyes, however, has only been detained since December 6—leaving him well short of that mark. *See, e.g.*, *Rivera v. Hassell*, No. 4:15-01497-WMA-SGC, 2016 WL 4257692, at *3 (N.D. Ala. July 12, 2016).

Because Reyes has not been physically detained for six months, his *Zadvydas* claim fails. *See Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-CV-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); , *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Reyes also notes that the conditions at Alligator Alcatraz are "inhumane." (Doc. 1 at 9.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

## IV. Conclusion

Reyes's legal challenge to the length of his detention is premature, and therefore, his habeas petition must be **DISMISSED**. However, this dismissal is without prejudice to Reyes refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on March 20, 2026.

Kyle C. Dudek
United States District Judge